*Northern District*

No. 4872

## H. N. JOSEPHSON

### v.

## IRVING V. DINGWELL

(August 10, 1955)

*Brooks, J.* This is an action of contract whereby plaintiff seeks to secure payment of wages. The answer is general denial and statute of limitations.

The only reference in the report to the evidence presented at the trial was in the following language: "At the trial there was evidence tending to show that the defendant from time to time subsequent to June 1, 1942, promised to pay the plaintiff the balance due him for wages."

At the close of the evidence, plaintiff presented the following requests for rulings:

1. As a matter of law the statute of limitations does not run against the payment of wages. G.L., c. 260, s. 4.

2. The plaintiff entered into a verbal contract with the defendant to paint certain houses on Bonad Rd., Winchester, and not with any trust represented by the defendant.

3. The defendant did not inform the plaintiff that the plaintiff was working for a trust and not for the defendant.

4. The defendant promised from time to time subsequent to January 1, 1942, to pay the plaintiff.

The court denied requests Nos. 1, 2, 3, and allowed No. 4, and found for defendant.

Plaintiff appeals solely on the denial of the first request.

It is to be observed that the report is improperly labeled "Plaintiff's Report." It is, of course, in fact the judge's report signed by him and should not be entitled, as trial judges all too frequently do, "Plaintiff's Report."

In the next place, no evidence of any importance is reported and the judge made no finding of fact. Presumably there was some testimony about work being done for defendant by plaintiff but what it was, how much it was, or when it occurred does not appear in the report. If there was such testimony, it should have been included in the report or the draft report disallowed. There is nothing now before us except that defendant promised to pay a balance due. The promise may or may not have been based on a legal obligation. There is nothing to indicate, assuming a legal obligation to have been incurred, whether the statute of limitations had any application. The only date mentioned is "from time to time subsequent to June 1, 1942."

Request for ruling No. 1 presents an issue without supporting evidence. Furthermore, it erroneously refers to §4 of Chapter 260 of the General Laws. The section actually involved being §2. It would have been proper to deny the request on that ground.

However, assuming reference was made to §2, the request was rightly denied since it inaccurately stated the law. There is no basis for plaintiff's argument that wages are exempt from the statute of limitations.

We see no reason for reversing the action of the trial court and order that the report be dismissed.

Herbert Lord, for the plaintiff.

No brief, for the defendant.